# THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

RICKY BLOUNT,                         :
                                      :
    **Plaintiff,**                 :      **Civil Action**
                                      :      **No. 5:07-cv-481 (CAR)**
v.                                    :
                                      :
**WILLIAM TERRY,** *et al.*,          :
                                      :
    **Defendants.**                :
_____

## *ORDER*

Plaintiff filed a complaint in this case on December 31, 2007, alleging that several officers at Macon State Prison interfered with his legal materials and legal mail. On January 7, 2008, the United States Magistrate Judge ordered Plaintiff to submit a supplemental complaint that provided answers to a number of specific factual questions. Plaintiff failed to submit the required information. After giving Plaintiff a second opportunity to provided the requested information, the Court entered an Order on March 11, 2008, dismissing the case without prejudice. The case was then closed.

On March 21, 2008, Plaintiff filed a "Complaint for Criminal Action and or Arrest Warrants" (Doc. 10). Plaintiff requests the Court to order an investigation or issue arrest warrants against Officer Decota and other, unnamed officers of Macon

State Prison for "the obstruction of justice and mail tampering and attempting to impede the due course of justice in this matter," arising from their failure to deliver three pieces of mail from this Court on February 13, 2008.  In an "Amended Motion" (Doc. 11), Plaintiff names the other officers and alleges that officers tampered with, confiscated, or destroyed legal materials during a search of his cell on February 29, 2008.  His "Amended Motion" asks for compensatory and punitive damages from the officers.

Because the Court cannot grant the relief Plaintiff has requested, his Motion for Criminal Motion and Amended Motion are **DENIED**.  The initiation of criminal investigations is outside the competence of this Court.  As a private citizen, Plaintiff cannot initiate criminal pleadings on his own initiative, as "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. U. S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987).  Furthermore, federal courts have no authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions. Id.  At most, Plaintiff has alleged a new cause of action for a separate constitutional violation, which must be filed in a separate lawsuit.

**SO ORDERED**, this 8th day of January, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

chw